IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY and ANNETTE B. KELLY, <br><br> Plaintiffs, <br><br> v. <br><br> ALABAMA STATE PORT AUTHORITY dba Alabama State Port Authority, et al., <br><br> Defendants. | CASE NO. 2:25-cv-825-RAH-JTA (WO) |

## ORDER

Pursuant to 28 U.S.C. § 636, this case is referred to the United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. No. 3.) Before the court is the complaint filed by Plaintiffs Gregory Kelly and Annette B. Kelly. (Doc. No. 1.)

*Pro se* pleadings must be generously construed. *Johnson v. Dep't of Lab.*, No. 2:22-CV-674-ECM-JTA, 2023 WL 2469924, at *2 (M.D. Ala. Feb. 22, 2023) ("Liberal construction is afforded to pro se pleadings because they are not drafted by lawyers." (collecting cases)), *report and recommendation adopted*, No. 2:22-CV-674-ECM, 2023 WL 2464974 (M.D. Ala. Mar. 10, 2023), *and appeal dismissed*, No. 23-10880-HH, 2023 WL 4058057 (11th Cir. May 15, 2023). Nonetheless, even leniently construed, the amended

complaint is a shotgun complaint[1] and does not comply with Federal Rules of Civil Procedure 8(a) and 10(b).

The sixty-nine-page body[2] of the complaint contains sixty-five counts against twenty-one defendants. Some counts are unintelligible. (*See, e.g.*, Doc. No. 1 at 4–12 ¶¶ 1–43.)[3] The factual averments Plaintiffs provide in support of most their claims are sparse,

---

[1] Although not an exhaustive list, shotgun pleadings generally commit one or more of the following errors: (1) "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) "not separating into a different count each cause of action or claim for relief;" and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. (footnote omitted.)

[2] The entire complaint, which includes miscellaneous exhibits, totals one hundred seventy-five pages. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "[L]ength alone is not necessarily a defining characteristic of a shotgun pleading," but most shotgun complaints are excessively long. *Kelly v. Water Works & Sanitary Sewer Bd. of City of Montgomery*, No. 2:24-CV-348-RAH-JTA, 2025 WL 1271298, at *3 (M.D. Ala. May 1, 2025), *report and recommendation adopted*, No. 2:24-CV-348-RAH, 2025 WL 1461271 (M.D. Ala. May 21, 2025).

[3] For example, Count 1 of the complaint, which is entitled "Federal Cause of Action Abuse of Process and Misuse of the Legal Process," meanders for forty-three paragraphs and includes factual allegations such as the following:

> The Plaintiffs filed an EEOC Complaint against the Conspirators Defendants and the Plaintiffs received an EEOC 'Right to Sue Notice' dated September 25, 2025 in these alleged Jeffrey Epstein lik sex abuse scandals, where LGBTQIA + psycho , wacko , weirdo and sicko **state officials were 'bad mouthing and besmirching'** the Auburn Creed and Auburn true men and women who have a spirit that is not afraid.

(Doc. No. 1 at 12 ¶ 43 (sic; emphasis in original).)

and many factual averments are vague, conclusory, and confusingly-worded.[4] (*See, e.g.*, *id*. at 13–16 ¶¶ 49–59.) Some counts consist solely of legal conclusions, without stating or referencing any specific factual allegations at all. (*See*, *e.g.*, *id.* at 12-13 ¶¶ 44–48; 15–16 ¶¶ 58-59.) Plaintiffs do not adequately explain the relevance of the one hundred six pages of attached exhibits, leaving the reader to speculate which cause or causes of action the exhibits are intended to factually support, and how. *See Weiland,* 792 F.3d at 1322–23 (noting one category of shotgun complaints includes those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").

Further, Plaintiffs fail to specifically identify which Defendants are subject to each count of the complaint. Nor do they identify the specific conduct of each relevant Defendant that gives rise to each count. In the first paragraph of the complaint, Plaintiffs state they seek relief against nineteen Defendants whom Plaintiffs collectively term "the . . . ASPA Conspirator Defendants." (Doc. No. 1 at 1.) Two of the ASPA Conspirator Defendants, "ADM" and "OIT," are not listed in the caption of the complaint. Four of the Defendants listed in the caption (Defendants Alabama Medicaid Agency,[5] Alabama State Banking Department, Alabama Real Estate Commission, and Alabama Board of Funeral

---

[4] Some counts that rely on vague and conclusory factual allegations are based on allegedly fraudulent conduct. (*See*, *e.g.*, Doc. No. 1 at 30–31 ¶¶ 111–16.) In addition to qualifying the complaint as a shotgun pleading, the factual deficiencies of those counts fail to meet the pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

[5] The court could not locate any mention of Defendant Alabama Medicaid Agency ("AMA," as designated by Plaintiffs) in the body of the complaint.

Service) are not mentioned among the ASPA Conspirator Defendants. (*Id*.) Individual counts of the complaint purport to be against "all Defendants" or "the Defendants," but specifically reference only the ASPA Conspirator Defendants and others who are not listed as defendants at all. (*See*, *e.g.*, *id*. at 12-13 ¶¶ 44–48.) Even when identifying the ASPA Conspirator Defendants within each count of the complaint, Plaintiffs fail to specify each ASPCA Defendant's relevant conduct of in a manner that would allow each ASPCA Defendant to understand how its conduct allegedly gave rise to Plaintiffs' claims. *See Weiland,* 792 F.3d at 1322–23 (noting shotgun pleadings include complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").

In sum, the complaint, together with its exhibits, is a shotgun complaint because it fails to provide adequate notice of the claims against each Defendant and the grounds upon which each claim rests. *Weiland,* 792 F.3d at 1322–23. Furthermore, both Plaintiffs have previously been warned about the consequences of filing shotgun complaints in violation of court orders. *See Kelly v. State Farm Insurance Company*, No. 2:25-cv-795-ECM-JTA (Doc. No. 5); *Kelly v. Montgomery Real Estate*, No. 2:25-cv-733-MHT-JTA (Docs. No. 5, 12). Plaintiff Gregory Kelly has previously been deemed a vexatious litigant, and his shotgun complaints are subject to summary dismissal without prejudice and without further notice. *See Kelly v. Water Works & Sanitary Sewer Board of the City of Montgomery*, No. 2:24-CV-348-RAH-JTA, 2025 WL 1271298, at \*\* 5–6 (M.D. Ala. May 1, 2025), *report and recommendation adopted*, No. 2:24-CV-348-RAH, 2025 WL 1461271 (M.D. Ala. May

4

21, 2025). At least three times before, the court notified Plaintiff Annette B. Kelly of Plaintiff Gregory Kelly's status as a vexatious litigant and warned that if she further participated in Plaintiff Gregory Kelly's vexatious conduct by "**join[ing] in any other shotgun complaint filed by Gregory Kelly in this or any other action, the action may be summarily dismissed without prejudice and without further opportunity to amend.**" *Kelly v. State Farm Insurance Company*, No. 2:25-cv-795-ECM-JTA (Doc. No. 5 at 6–7 (emphasis in original), Doc. No. 12 at 3–4 (emphasis in original)); *See also Kelly v. Montgomery Real Estate*, No. 2:25-cv-733-MHT-JTA (Doc. No. 5 at 3–4).[6] The court also "**WARNED**" Plaintiff Annette B. Kelly "**that persistence in filing or joining shotgun complaints in violation of court orders may result in a finding that she is a vexatious litigant and imposition of filing restrictions narrowly designed to preclude further vexatious conduct.**" *Kelly v. State Farm Insurance Company*, No. 2:25-cv-795-ECM-JTA (Doc. No. 5 at 6–7, Doc. No. 12 at 3–4 (emphasis in original); *see also Kelly v. Montgomery Real Estate*, No. 2:25-cv-733-MHT-JTA (Doc. No. 5 at 3–4).

Accordingly, and for good cause, it is ORDERED as follows:

1. **On or before October 27, 2025**, Plaintiff Annette B. Kelly shall SHOW CAUSE in writing why she should not be declared a vexatious litigant for

---

[6] In *Kelly v. Montgomery Real Estate*, Plaintiffs joined in the initial complaint, which was a shotgun complaint. The Court allowed Plaintiffs Gregory and Annette B. Kelly "one opportunity to amend in [that] one instance" because "Plaintiff Annette B. Kelly [was] not currently deemed a vexatious litigant, and because the complaint was jointly filed." *Kelly v. Montgomery Real Estate*, No. 2:25-cv-733-MHT-JTA (Doc. No. 5 at 7 (emphasis in original)).

   her participation in Plaintiff Gregory B. Kelly's continued vexatious conduct by joining him in filing shotgun complaints in violation of court orders.

2. **On or before October 27, 2025,** Plaintiffs Gregory Kelly and Annette B. Kelly shall show cause in writing why this action should not be summarily dismissed and why they should not be sanctioned for their conduct in filing a shotgun complaint in violation of court orders.

3. **On or before October 27, 2025,** Plaintiffs must file an amended complaint that complies with the following requirements:

   a. Names as defendants only those individuals they contend are personally responsible for the acts or omissions upon which Plaintiffs base their claims. Plaintiffs shall specify the capacity or capacities in which each Defendant is sued.

   b. Sets out a short, plain statement of the facts on which Plaintiffs base their claims. Plaintiffs must specifically describe how each named Defendant acted, or failed to act, in a manner that deprived Plaintiffs of their constitutional rights or otherwise gave rise to each of Plaintiffs' claims against them.

   c. Presents a short and plain statement of each claim showing Plaintiffs are entitled to relief and giving each Defendant fair notice of what Plaintiffs' claims are and the grounds upon which each claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a

        separately numbered count and reference specific allegations of fact that support each legal claim.

4. This action is set for an in-person status conference on **October 29, 2025, at 10:15 a.m.**, in Courtroom 4B, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. **Both Plaintiffs shall appear in person for this proceeding.** Plaintiffs shall be prepared to answer for their vexatious conduct of filing a shotgun complaint in violation of court orders. Plaintiffs shall further be prepared demonstrate why sanctions or other consequences should not be imposed to prevent further violations of court orders. The Clerk of the Court is DIRECTED to provide a court reporter for the proceeding.

**Further, Plaintiffs are ADVISED of the following**:

1. The amended complaint will supplant the original complaint. In other words, the amended complaint will be the operative complaint for this matter going forward. However, filing the amended complaint will not cure Plaintiffs' violation of previous court orders, nor will it relieve Plaintiffs of the obligation to show cause as directed or appear at the status conference.

2. Failure to comply with this Order or attend the status conference may result in sanctions, which could include monetary sanctions, a recommendation of dismissal of this action with or without prejudice, or other sanctions appropriately designed to prevent future violations of court orders.

3.  Plaintiffs are reminded of their responsibilities as *pro se* litigants, including their obligations to timely inform the court of any change in mailing address and to timely comply with court orders, the local rules of the United States District Court for the Middle District of Alabama, and the Federal Rules of Civil Procedure (including Rule 11). Plaintiffs have previously been advised of these responsibilities in detail, and the court will not repeat itself. *See Kelly v. Montgomery Real Estate, LLC*, No. 2:25-cv-00733-MHT-JTA (Doc. No. 5). Plaintiffs are further reminded of the consequences of failing to meet those responsibilities. *See id.*

The Clerk of Court is DIRECTED to send each Plaintiff a copy of this Order by regular mail and by certified mail, return receipt requested. The courtroom deputy is DIRECTED to contact each Plaintiff by telephone at least forty-eight hours prior to the October 29, 2025 status conference to confirm their in-person attendance.

DONE this 17th day of October, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE