IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY KELLY and ANNETTE B. )
KELLY, )
)
    Plaintiffs, )
)
    v. )    CASE NO. 2:25-cv-00825-RAH
)
ALABAMA STATE PORT )
AUTHORITY, *et al.*, )
)
    Defendants. )

## **ORDER**

On October 14, 2025, pro se plaintiff Gregory Kelly, a vexatious litigant,[1] and his wife, Annette B. Kelly, filed a 218-page complaint against 21 Alabama state boards, agencies, departments, and commissions alleging 65 claims including constitutional violations, federal statutory violations, and multiple violations of state law. (Doc. 1.)  On October 17, 2025, the assigned Magistrate Judge issued an order requiring Annette B. Kelly to show cause why she should not be declared a vexatious litigant for her participation in Gregory Kelly's continued vexatious conduct. (Doc. 4.)  The Magistrate Judge also ordered the Kellys to show cause why this action should not be summarily dismissed.  (Doc. 4.)  Thereafter, instead of timely responding as to why the Complaint should not be dismissed and why Annette B. Kelly should not be declared a vexatious litigant, the Kellys filed a motion to stay the case and a pleading entitled, "First Amended Master Short Form Compliant And Jury Trial Demanded." (Doc. 5.)  This pleading incorporated and adopted their

---

[1] *See Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, No. 2:24-cv-348-RAH, 2025 WL 1461271, at *1 (M.D. Ala. May 21, 2025).

original complaint and claimed to "add causes of action against" certain defendants because, according to the Kellys, the Defendants "have acquiesced in the Brokeback Mountain homosexual gang members spying and snooping and surveilling in the Plaintiffs education, finance, and healthcare record and election communication and writing stored in the internet cloud." (Doc. 5 at 2.)

Thereafter, the Magistrate Judge set the case for an in-person status conference, and then re-set the conference as an accommodation to the Kellys. (Docs. 8 & 12.) The Kellys did not attend the conference, although they did file new lawsuits that same day. (Doc. 16.)

On November 19, 2025, the Magistrate Judge recommended that this action be dismissed without prejudice due to the Kellys' failure to comply with orders of the Court and failure to prosecute. (Doc. 16.) The Magistrate Judge also recommended that this Court's previous sanctions order[2] against Gregory Kelly be expanded to include "anyone acting in concert with him." (Doc. 16 at 2.)

On December 2, 2025, and December 3, 2025, the Kellys filed a reply and objection, accusing the Court of a pattern of judicial misconduct. (*See* docs. 19 & 20.) The Kellys also continued to advance a host of conspiratorial, incoherent and rambling accusations against the Defendants and various state and federal judges.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further

---

[2] On May 21, 2025, this Court, "as a consequence of Kelly's vexatious filing of shotgun pleadings," declared Gregory Kelly a vexatious litigant and ordered that, "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, No. 2:24-cv-348-RAH, 2025 WL 1461271, at *1 (M.D. Ala. May 21, 2025). Despite this order, Kelly has continued to file shotgun and frivolous lawsuits. The one primary change of recent is the addition of Kelly's wife, Annette B. Kelly, as an additional plaintiff. *See, e.g.,* Case Numbers 2:25-cv-00733 (M.D. Ala.), 2:25-cv-00795 (M.D. Ala.), and 2:25-cv-00825 (M.D. Ala.).

evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

In the Kellys' reply and objection, they do not show any error with the Magistrate Judge's recommendation, and they do not propose to file an amended complaint that cures the deficiencies in their Complaint, as amended. Instead, they continue to advance their conspiratorial, incoherent, and rambling accusations against the Defendants and various state and federal judges. All told, the Court finds no error with the recommendation of the Magistrate Judge.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1.     The Recommendation (doc. 16.) of the Magistrate Judge is **ADOPTED**;

2.     Plaintiffs' Motion to Add Documents (Exhibit #8 and #9) To the Plaintiffs' Exhibit List (doc. 21) is **DENIED** as moot;

3.     This case is summarily **DISMISSED** without prejudice; and

4.     As a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, and now by and through his wife, Annette B. Kelly, **in the event Gregory Kelly or anyone acting in concert with him, including Annette B. Kelly, files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice.**

**DONE**, on this the 15th day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE